UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

DAVID JONES and PROCTOR MARTIN,

                                                   Plaintiffs,

                      -against-

THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER WILLIAM NEVILLE, TAX REG. 949390, POLICE OFFICER JUNIOR CELESTIN, TAX REG. 941524, AND OTHER UNIDENTIFIED NEW YORK CITY POLICE OFFICERS INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

                                                   Defendants.

---------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

15-CV-5230 (PKC) (RLM)

        **WHEREAS**, plaintiffs David Jones and Proctor Martin ("Plaintiffs") have sought certain documents and information from Defendants City of New York, New York City Police Department ("NYPD"), Police Officer William Neville, and Police Officer Junior Celestin ("Defendants"); and

        **WHEREAS,** Defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges; and

        **WHEREAS,** Defendants object to the production of these documents unless appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiffs and the attorney for defendants, as follows:

1. As used herein, "Action" shall mean the lawsuit captioned above.

2. "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by plaintiffs by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

3. Neither plaintiffs nor plaintiffs' attorney shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of plaintiffs' case in the Action.

4. Plaintiffs' attorney shall not disclose the Confidential Materials to any person not a member of the staff of that plaintiffs' attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in the Action.

    b. Disclosure may also be made to an expert who has been retained or specially employed by plaintiffs' attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorney shall provide each

such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials except in testimony taken in the Action. The signed consent shall be retained by plaintiffs' counsel and a copy of the same shall be furnished to Defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiffs' attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5. Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition concludes, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants' counsel.

6. If plaintiffs object to the designation of any Confidential Materials as confidential, he or she shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, plaintiffs shall, within 30 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7. If plaintiffs seek to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, he or she shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential

Materials and shall indicate whether Defendants object to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

8. Nothing in this Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

9. Within 30 days after the termination of this Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys, or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

10. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11. Plaintiffs' counsel shall keep confidential for "attorneys-eyes-only" the address, telephone number, social security number, date of birth and other personal information regarding Defendants, complaining victims, witnesses, and/or any member of the NYPD identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or her law firm or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, his or her family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

12. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall not be used by plaintiffs or plaintiffs' attorney for any purpose without prior Court approval.

Dated: March 18, 2016
New York, New York

| EDWARD ZALOBA | ZACHARY W. CARTER |
|---|---|
| 118-21 Queens Boulevard #504<br>Forest Hills, New York 11375<br>(718) 261-3000 | Corporation Counsel of the<br>City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 356-3549 |
| By: _[signature]_ 3-24-16<br>Edward Zaloba, Esq.<br>*Attorney for Plaintiffs* | By: _[signature]_<br>Katherine A. Byrns, Esq.<br>Assistant Corporation Counsel<br>Special Federal Litigation Division<br>*Attorney for Defendants* |

SO ORDERED:

_____
HON. ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated _____, \_\_\_\_\_ in the action entitled, Jones, et al. v. City of New York, et al., 15 CV 5230 (PKC) (RLM) and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation